# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| TAMARA NICOLE DOCK, as Surviving ) | |
| Parent of Albert Wilson Dock and as ) | CIVIL ACTION NO. |
| Administrator of the ESTATE OF ) | |
| ALBERT WILSON DOCK; and ) | |
| ANTOINE OMAR MCLENDON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Owners Insurance Company ("Owners") and files this Complaint for Declaratory Judgment to resolve a bona fide case or controversy between Owners and Defendants, as follows:

### NATURE OF THE ACTION

1. Owners paid its full policy limits of $50,000 on behalf of its insured, Antoine McLendon, to settle a personal injury claim stemming from a crash on January 26, 2019, that caused multiple injuries and a fatality. After exhausting its policy limits, Owners continued to defend McLendon in a wrongful death suit filed by another claimant. McLendon failed to appear for trial and a jury returned a $66.5

million verdict in favor of the plaintiff against him. Owners seeks a declaration that McLendon's policy does not afford coverage for that verdict and judgment, or any additional costs or expenses associated with his defense in the wrongful death lawsuit styled *Tamara Nicole Dock, as Surviving Parent of Albert Wilson Dock v. Antoine Omar McLendon*, State Court of Liberty County, Georgia, Case No. STSV2019000019 (the "Wrongful Death Lawsuit"). Owners also seeks a declaration that the policy does not provide coverage for a second lawsuit filed by Tamara Nicole Dock arising from the exact same crash, entitled: *Tamara Nicole Dock, as Administrator of the Estate of Albert Wilson Dock, et al. v. Antoine Omar McLendon and Sepid, LLC, d/b/a Gata's Sports Bar & Grill* ("the Estate Lawsuit") (collectively "the Underlying Lawsuits").

## **PARTIES**

2. Plaintiff Owners Insurance Company is an Ohio corporation with its principal place of business in Michigan. Owners is not a citizen of Georgia or North Carolina.

3. Defendant Tamara Dock is over 18 and a resident citizen of Georgia. She serves as the administrator of the estate of Albert Wilson Dock, who was a citizen of Georgia at the time of his death. Thus, as legal representative of Mr. Dock's estate, Defendant Tamara Dock is deemed to be a Georgia citizen under 28 U.S.C. § 1332(c)(2).

2

4. Defendant Antoine McLendon is over 18 and a resident citizen of North Carolina.

## JURISDICTION AND VENUE

5. This is a declaratory judgment action under the Declaratory Judgment Act, 28 U.S.C. Section 2201, to resolve an actual controversy between the parties.

6. Tamara Dock is a Georgia resident who filed the Underlying Lawsuits in Georgia and is subject to personal jurisdiction in this Court.

7. Defendant McLendon was a Georgia resident at the time of the subject crash and when the subject policy was issued. He is subject to personal jurisdiction in this Court.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds $75,000.

9. Venue is proper in this Court because the Underlying Lawsuits were filed in this district, the crash occurred in this district, and "a substantial part of the events . . . giving rise to the claim occurred in this district." *See* 28 U.S.C. 1391(b)(2).

## GENERAL ALLEGATIONS

10. Owners issued to Antoine McLendon an automobile insurance policy, number 51-907-753-00 (the "Policy"), effective from 08/10/2018 to 08/10/2019. (A copy of the policy is attached as **Exhibit A**).

11. On January 26, 2019, McLendon crashed his car while driving intoxicated at a high rate of speed. The crash resulted in injuries to claimants Deven Merchant and David Jackson and the death of Albert Dock.

12. Owners received a policy limits timed-demand from claimant Deven Merchant and on March 21, 2019 paid its policy limits to settle that claim on behalf of McLendon, fully exhausting the $50,000 policy limits.

13. Tamara Dock filed a Wrongful Death Lawsuit against McLendon asserting claims of negligence and wrongful death arising from the same January 26, 2019 crash, which suit is styled: *Tamara Nicole Dock, as Surviving Parent of Albert Wilson Dock v. Antoine Omar McLendon*, State Court of Liberty County, Georgia, Case No. STSV2019000019.

14. Although Owners had exhausted the policy limits, Owners continued to provide McLendon a defense in the Wrongful Death Lawsuit.

15. McLendon failed to appear for trial and thus did not participate and assist in the defense of the case at trial.

16. A jury verdict was entered against McLendon in the Wrongful Death Lawsuit in the amount of $66,500,000 on July 27, 2021, and Judgment was entered on August 2, 2021 (the "Judgment"). (See **Exhibit B** hereto).

46251764 v6

17. Tamara Dock then filed a second suit on August 30, 2021 (the "Estate Lawsuit") naming McLendon and Sepid, LLC, d/b/a Gata's Sports Bar & Grill, and seeking exemplary damages of $66,500,000 (among other things).

18. An actual controversy exists between the parties regarding the nature and extent of Owners' obligations, if any, to McLendon with respect to the Underlying Lawsuits.

19. Owners' policy provided auto liability coverage for bodily injury arising from use of an automobile, subject to payment of the limits of the policy, as follows:

**SECTION II- LIABILITY COVERAGE**

**1. COVERAGE**

a. Liability Coverage- Bodily Injury and Property Damage

We will pay damages for **bodily injury** and **property damage** for which you become legally responsible because of or arising out of the ownership, maintenance or use of your automobile (that is not a trailer) as an automobile. We will pay such damages:

(1) on **your** behalf;
….

We will settle or defend, as we consider appropriate, any claim or suit for damages covered by this policy. We will do this at our expense, using attorneys of our choice. This agreement to settle or defend claims or suits ends when we have paid the limit of our liability.

20. Based upon this policy language, Owners has no further duty or obligation to defend McLendon in the underlying case, including on appeal, or to

furnish counsel for appeal, or to furnish an appeal bond, or to pay interest on the judgment – Owners having already paid its policy limits.

21. The Owners policy contains a bodily injury, per occurrence limit of $50,000. Owners paid $50,000 to settle Deven Merchant's personal injury claim on March 21, 2019, exhausting the policy limits as to the January 26, 2019 crash. Owners accordingly has no further responsibility under the policy terms to provide any coverage to McLendon for either of the Underlying Lawsuits.

22. Owners has reserved its right to assert certain additional defenses to coverage based upon facts that came to light in the trial of the Wrongful Death Lawsuit. Such facts reveal that the claims alleged in the Estate Lawsuit do not fall within the risks Owners agreed to insure under the policy.

23. Section V of the policy imposes conditions and duties upon the insured, including duties in the event of occurrence, claim, or suit:

> **SECTION V- WHAT YOU MUST DO AFTER AN ACCIDENT OR LOSS**
> ….
> 2. **ASSIST AND COOPERATE**
>
> a. **You** and any person seeking coverage under this policy must cooperate with us in the investigation, settlement, or defense of any claim or suit. This includes submitting to a statement under oath and giving us access to any documents which **we** request.

6
46251764 v6

McLendon failed to appear and participate at trial or assist in his own defense. McLendon's lack of cooperation was a failure of a condition precedent under the Policy, resulting in a forfeiture of any remaining coverage.

24. Owners seeks a declaration of its rights and duties under the terms and conditions of the Policy, including a finding that no coverage exists under the policy with respect to the verdict and judgment in favor of Dock in the first lawsuit, nor any coverage for a defense or indemnity in the second lawsuit.

WHEREFORE, Owners Insurance respectfully prays for the following relief:

(a) that the Court will undertake jurisdiction and adjudicate the rights of the parties under the policy;

(b) that the Court will declare that the Policy limit has been exhausted;

(c) that the Court will declare that the Policy does not afford coverage to McLendon for the Underlying Lawsuits or any judgment entered therein;

(d) that the Court will declare that Owners has no further legal duties under the Policy with respect to the Judgment or underlying claims and lawsuits;

(e) that the Court will grant Owners such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 21st day of September, 2021.

                                              */s/ Bret A. Beldt*
                                              Bret A. Beldt
                                              Georgia Bar No. 940327
                                              bbeldt@burr.com
                                              **BURR & FORMAN LLP**
                                              171 17th Street NW, Suite 1100
                                              Atlanta, Georgia 30363
                                              Telephone: 404-815-3000
                                              Facsimile: 404-817-3244

                                              Forrest S. Latta
                                              Alabama Bar No. LATTF0526
                                              forrest.latta@burr.com
                                              **BURR & FORMAN LLP**
                                              P.O. Box 2287
                                              Mobile, Alabama 36652-2287
                                              Telephone: (251) 344-5151
                                              Facsimile: (251) 344-9696
                                              Motion for Admission *Pro Hac Vice*
                                              to be filed

                                              *Attorneys for Owners Insurance Company*