IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>-vs-<br><br>TAMARA NICOLE DOCK, as Surviving Parent of Albert Wilson Dock, and as the Administrator of the Estate of ALBERT WILSON DOCK; and ANTOINE OMAR MCLENDON,<br><br>  Defendant. | Case No. 4:21-cv-00266-RSB-CLR |

### DEFENDANT TAMARA NICOLE DOCK'S REPLY BRIEF IN FURTHER SUPPORT OF HER MOTION TO DISMISS

COMES NOW, TAMARA NICOLE DOCK, as Surviving Parent of Albert Wilson Dock and as the Administrator of the Estate of Albert Wilson Dock, Defendants herein, and files this her Reply Brief in Further Support of the Motion to Dismiss, showing the Court as follows:

As of the date of this submission, Owners has yet to provide proof that it has served co-Defendant, its insured, Antoine McLendon. Yet, Owners must have some contact with McLendon because it states that it is defending McLendon in the "Estate Lawsuit," a second action filed by Defendant Estate of Albert Wilson Dock, "pursuant to McLendon's request." (Owners' Response, ECF No. 10, p. 4). If it can act in response to McLendon's request, Owners must know how to reach McLendon, and must have been in contact with him. Owners must serve McLendon.

Owners argues that a controversy exists because it is unsure as to whether it has "any further duty to defend or indemnify under the Policy." (Owners' Response p. 6). Yet, it has already tacitly admitted (in its Complaint), that its actions in defending McLendon, even after it paid its limits to exhaust the available coverage, was voluntary. <u>See</u> Complaint, para. 14 ("Although Owners had exhausted the policy limits, Owners continued to provide McLendon a defense in the Wrongful Death Action.")  And, it has already affirmatively stated that the limits under the policy were exhausted.  (Letter, dated April 4, 2019, ECF No. 9-1).  Whether for right or for wrong, these are the positions taken by Owners.  Having already taken these positions, it should not be allowed to request approval for decisions made and positions already taken in the context of this declaratory judgment action.

As to the estoppel issue, Owners argues that its delay in filing this declaratory judgment action is excused because this is not a situation where the "insured refused to consent to a defense under reservation of rights." (Owners' Brief at 12, <u>citing</u> <u>Richmond v. Ga. Farm Bureau Mut. Ins. Co.</u>, 140 Ga. App. 215 (1976)).  Owners asserts in its brief that the reservation of rights it issued to McLendon **after the trial** of the Wrongful Death Action was not the "first or only reservation of rights." (Owners Brief at 10).  It affirmatively states that "this was not the first reservation of rights and Owners was indeed defending McLendon pursuant to a reservation of rights." (<u>Id</u>.)  This existence of this first reservation of rights was neither pled nor attached to the Complaint, and Owners

should be required to provide this document if it wishes to pursue this declaratory judgment action.

## **CONCLUSION**

For the forgoing reason, Defendant Tamara Dock requests that this action for Declaratory Judgment be DISMISSED.

THIS THE  12th  DAY OF  NOVEMBER , 2021.

                                      SAVAGE & TURNER, P.C.

                              By:    /s/ Kathryn Hughes Pinckney
                                          Brent J. Savage
                                          Georgia Bar No. 627450
                                          Kathryn Hughes Pinckney
                                          Georgia Bar No. 376110

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
kpinckney@savagelawfirm.net

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the within and foregoing document on all parties via email and United States Mail, first class, postage prepaid.

Bret A. Beldt, Esq.
BURR & FORMAN LLP
171 17th Street, NW, Suite 1100
Atlanta, GA 30363
bbeldt@burr.com

Forrest S. Latta, Esq.
BURR & FORMAN LLP
P. O. Box 2287
Mobile, Alabama 36652-2287
forrest.latta@burr.com

THIS THE 12th DAY OF NOVEMBER, 2021.

SAVAGE & TURNER, P.C.

By:   /s/ **Kathryn Hughes Pinckney**
Brent J. Savage
Georgia Bar No. 627450
Kathryn Hughes Pinckney
Georgia Bar No. 376110
James H. Wilson
Georgia Bar No. 376110

Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
bsavage@savagelawfirm.net
kpinckney@savagelawfirm.net
jwilson@savagelawfirm.net